## JOHN ROHR v. JAMES McCAIG.

COSTS IN REPLEVIN.—If, in an action of replevin, the pleadings admit the property to be worth seven hundred dollars, and the jury award part of it to each party, and find the value of the part awarded to defendant to be such sum as deducted from seven hundred would leave over three hundred dollars, the Court may allow the plaintiff his costs.

APPEAL from the District Court, Tenth Judicial District, Yuba County.

The jury did not find the value of any of the property, except the twenty-four spring mattresses which they awarded to the defendant. The Court below awarded to the plaintiff his costs, and the defendant appealed from so much of the judgment as gave costs to the plaintiff.

The other facts are stated in the opinion of the Court.

*L. J. Ashford*, for Appellant, argued that as the plaintiff could not recover costs in this action unless the value of the property recovered was three hundred dollars or more, and as the Practice Act (Sec. 495,) required the value to be determined by the jury, and as the jury had not found the value of the property recovered by the plaintiff, that therefore he could not recover costs.

*Rowe Bliss*, and *J. G. Eastman*, for Respondent, argued that the Court had a right to deduct the value of the property recovered by the defendant from the admitted value of all the property, for the purpose of determining the value of that recovered by the plaintiff, notwithstanding the case had been tried by a jury; and cited *Edgar* v. *Gray*, 5 Cal. 27.

By the Court, SHAFTER, J.:

Action for the claim and delivery of personal property of the aggregate value, as alleged in the complaint, of seven hundred dollars. The defendant placed the value in his answer at one thousand four hundred dollars, and claimed a

judgment for the possession. The jury returned a verdict awarding the possession of all the property to the plaintiff, except twenty-four double mattresses; and as to them, they were awarded to the defendant. Their value was fixed by the verdict at two hundred and forty dollars.

The parties agreed in averring the property to be worth seven hundred dollars at least—the defendant, indeed, putting it at double that amount. The value of the mattresses deducted from the agreed value of all the articles sued for leaves four hundred and sixty dollars as the value of the property recovered by the plaintiff. There was, therefore, no error in the allowance to the plaintiff of his costs. (Practice Act, Sec. 495.)

Judgment affirmed.

Mr. Justice RHODES did not express an opinion.